1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DOLORES LUCERO,                              No.  2:24-cv-03116-DC-SCR

12              Plaintiff,

13

14    v.                                           <u>ORDER AND FINDINGS AND
                                                    RECOMMENDATIONS</u>
15

16    PHILIP LEWIS,

17              Defendant.

18

19

20         Plaintiff Dolores Lucero is proceeding pro se and accordingly this matter is referred to the

21    undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court are

22    Defendant's motion to dismiss (ECF No. 14), Plaintiff's motion for sanctions (ECF No. 15), and

23    Plaintiff's opposition and cross-motion (ECF No. 16).  Plaintiff's motion for sanctions is

24    DENIED.  The Court recommends that Defendant's motion to dismiss be GRANTED and

25    Plaintiff's opposition/cross-motion be DENIED.

26    **I.    Background and Procedural History**

27         Plaintiff filed this action on November 12, 2024, alleging claims under 42 U.S.C. § 1983

28    against Defendant Phil Lewis ("Lewis") "in his official and individual capacity as a member of

the Gateway Unified School District Board."  ECF No. 1 at 1.  Plaintiff alleges that "in or around early 2023" she began participating in a recall campaign against Lewis.  *Id*. at ¶ 8.  Plaintiff alleges that on November 27, 2023, in response to the recall campaign, Lewis issued a public statement that contained false and misleading information, including that Plaintiff had previously been convicted of felony election fraud.  *Id*. at ¶ 10.  On April 17, 2024, Plaintiff demanded that Lewis issue a written retraction and public apology, but Lewis refused.  *Id*. at ¶ 12.  Plaintiff asserts three legal claims: 1) First Amendment retaliation under § 1983; 2) defamation under California state law; and 3) "abuse of power" under § 1983.  *Id.* at 4-6.

On February 5, 2025, Lewis filed a motion to strike pursuant to California Code of Civil Procedure § 425.16 and a motion to dismiss.  ECF No. 14.  The motion argues that Plaintiff's claim for defamation should be stricken, and Plaintiff's §1983 claims should be dismissed.  ECF No. 14-1.  On February 14, 2025, Plaintiff responded by filing a motion for sanctions (ECF No. 15) and a combined "opposition" and "request for summary judgment" (ECF No. 16).  The motions were taken under submission without oral argument.  ECF No. 26.

## II.     Legal Standards for Anti-SLAPP motion and Rule 12(b)(6)

### A.  Anti-SLAPP motions

A strategic lawsuit against public participation ("SLAPP") seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances.  *See Rusheen v. Cohen*, 37 Cal.4th 1048, 1055-1056 (2006).  The California legislature enacted section 425.16 ("the Anti-SLAPP statute"), to provide a procedural remedy to dispose of lawsuits brought to chill the valid exercise of those constitutional rights.  *Id.*  These provisions apply to SLAPP suits brought against public entities and public employees.  *See San Ramon Valley Fire Prot. Dist. v. Contra Costa County Employees' Ret. Ass'n*, 125 Cal.App.4th 343, 353 (2004) ("We have no doubt that a public official or government body, just like any private litigant, may make an anti-SLAPP motion where appropriate.").

The Ninth Circuit has held that a special motion to strike under California's Anti-SLAPP statute applies in federal court to state law claims.  *See United States ex rel. Newsham v.*

.1    *Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999).[1]   Defendants who

2    succeed on such a motion in federal court may recover attorney's fees and costs.  *Id.*  In

3    considering the Anti-SLAPP statute, courts are required to engage in a two-step process. "First,

4    the court decides whether the defendant has made a threshold showing that the challenged cause

5    of action is one arising from protected activity . . . . If the court finds such a showing has been

6    made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the

7    claim." *Taus v. Loftus*, 40 Cal.4th 683, 712 (2007).  The defendant has the burden on the first

8    issue to show that the claim arises from protected activity, and the plaintiff has the burden on the

9    second issue of affirmatively demonstrating a probability of prevailing on the claim.  *See*

10    *Governor Gray Davis Com. v. American Taxpayers Alliance*, 102 Cal.App.4th 449, 457-60 (Cal.

11    Ct. App. 2002).

12    **B.   Rule 12(b)(6) legal standard**

13        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

14    sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

15    1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

16    sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901

17    F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

18    relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

19    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

20    the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

21    *Iqbal*, 556 U.S. 662, 678 (2009).

22

23

24    _____

      [1]  There is a Circuit split on the question of whether state law anti-SLAPP procedures apply in
25    federal court.  *See Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1337 (D.C. Cir. 2015) ("A
      federal court exercising diversity jurisdiction therefore must apply Federal Rules 12 and 56
26    instead of the D.C. Anti-SLAPP Act's special motion to dismiss provision."); *Intercon Solutions,*
      *Inc. v. Basel Action Network*, 791 F.3d 729 (7th Cir. 2015) (affirming district court's decision that
27    Washington's Anti-SLAPP statute could not be applied in federal court); *Los Lobos Renewable*
      *Power v. Americulture, Inc.*, 885 F.3d 659 (10th Cir. 2018) (declining to apply New Mexico anti-
28    SLAPP statute).

                                              3

.1      In determining whether a complaint states a claim on which relief may be granted, the

2   court accepts as true all well-pleaded factual allegations in the complaint and construes the

3   allegations in the light most favorable to the plaintiff.  *See Walker v. Fred Meyer, Inc.*, 953 F.3d

4   1082, 1086 (9th Cir. 2020).  However, the court need not assume the truth of legal conclusions

5   cast in the form of factual allegations.  *See Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir.

6   2009).  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is

7   entitled to relief."  Fed. R. Civ. P. 8.  While Rule 8(a) does not require detailed factual

8   allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me

9   accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and

10   conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S.

11   at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action,

12   supported by mere conclusory statements, do not suffice.").

13      In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider

14   material that is properly submitted as part of the complaint, documents that are not physically

15   attached to the complaint if their authenticity is not contested and the plaintiffs' complaint

16   necessarily relies on them, and matters of public record.  *See Lee v. City of Los Angeles*, 250 F.3d.

17   668, 688–89 (9th Cir. 2001).

18      **III.    Analysis**

19      Lewis argues that this action is about free speech and that Plaintiff "apparently believes

20   the right belongs only to her."  ECF No. 14-1 at 8.  Lewis contends he has been sued "for

21   statements made in his public response to her public recall petition against him" and that his

22   comments were protected speech.  *Id.*  Lewis requests that Count II, for defamation, be stricken

23   pursuant to the Anti-SLAPP statute.  Lewis also argues that the entirety of the complaint fails to

24   state a claim.  ECF No. 14-1 at 18.  Lewis argues that the claims against him are barred by

25   Eleventh Amendment immunity, precluded by the *Noerr-Pennington* doctrine, and otherwise fail

26   to state a claim.  ECF No. 14-1 at 18-25.

27      The Court begins by explaining why it is not recommending that Lewis be granted

28   immunity under the Eleventh Amendment and the *Noerr-Pennington* doctrine.  It then explains

that Plaintiff's federal claims in Count I (First Amendment retaliation) and Count III ("abuse of power" under §1983) fail to state a claim. Because those federal claims fail, there is no federal question jurisdiction. The Court should therefore decline supplemental jurisdiction over the state law defamation claim and abstain from addressing Lewis' anti-SLAPP motion.

### A. Eleventh Amendment Immunity

Defendant argues that school districts are arms of the state, and immunity has also been extended to governing boards, relying on *Belanger v. Madera Unified School Dist.*, 963 F.2d 248 (9th Cir. 1992) and *Brouillette v. Montague Elementary School Dist.*, 2014 WL 2453036 (E.D. Cal. May 30, 2014). ECF No. 14-1 at 17. In *Belanger*, the Ninth Circuit stated that, "California public schools have long been treated as state agencies under California law." *Id.* at 253. It is further "well-settled that providing public education is a state function." *Id.* The Ninth Circuit concluded that the school district is an agent of the state that performs state governmental functions and is immune from suit under the Eleventh Amendment. *Id.* at 254; s*ee also Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (explaining that as agencies of the state, school districts are immune under the Eleventh Amendment from private damages or suits for injunctive relief). In *Brouillette* the court stated: "And to the extent that a school board's authority is coextensive with the authority of a school district under state law, a school board in California is likewise a state agency for purposes of the Eleventh Amendment." 2014 WL 2453036 at *2.

Lewis is not a school district or a school governing board. However, Lewis is a member of the district board, and Plaintiff alleges that at all relevant times he was acting "in his official capacity as a public official." ECF No. 1 at ¶ 7. In *Eaglesmith v Ward*, 73 F.3d 857 (9th Cir. 1995), the Ninth Circuit held that the Mendocino County superintendent of schools was entitled to Eleventh Amendment immunity for claims brought against him in his official capacity. Thus, if the school board is a state agency, and the claims against Lewis are only for actions taken in his official capacity, it would appear the claims are precluded by Eleventh Amendment immunity. However, elsewhere in the complaint Plaintiff asserts that the claims are against Lewis "in his official and individual capacity." ECF No. 1 at 1. Although there appears to be some merit to

5

.1    Lewis' Eleventh Amendment defense as to claims asserted against him in his official capacity, the

2    Court need not fully resolve this question as Plaintiff otherwise fails to state a claim under Counts

3    I and III.

4        **B.  *Noerr-Pennington* Doctrine**

5        Lewis argues that he is entitled to immunity under the *Noerr-Pennington* doctrine.  ECF

6    No. 14-1 at 14.  Under the *Noerr-Pennington* doctrine, those who petition departments of the

7    government for redress are generally immune from liability for their petitioning conduct.  *See*

8    *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005).  This

9    immunity also extends to conduct "incidental" to valid petitioning conduct.  *Sosa v. DirectTV,*

10   *Inc.*, 437 F.3d 923, 934 (9th Cir. 2006).  Although the doctrine originated in the antitrust context,

11   "*Noerr-Pennington* immunity now applies to claims under § 1983 that are based on the

12   petitioning of public authorities."  *Empress LLC*, 419 F.3d at 1056.

13       Here, Lewis is a state actor and contends that his "act of filing a response regarding the

14   recall campaign with the County Clerk was an exercise of his right to petition the government."

15   ECF No. 14-1 at 14.  *Noerr-Pennington* can apply to government actors who are acting in their

16   official capacities.  *See Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235

17   F.Supp.3d 1132, 1158-59 (E.D. Cal. 2017), *citing Manistee Town Ctr. v. City of Glendale*, 227

18   F.3d 1090, 1094 (9th Cir. 2000).  "However, government actors are only protected by *Noerr-*

19   *Pennington* if they engage in activity that is properly considered petitioning activity or

20   sufficiently related to petitioning activity."  *Comm. to Protect our Agric. Water*, 235 F.Supp.3d at

21   1159 (internal citation and quotation omitted).  "The Ninth Circuit has generally not interpreted

22   *Noerr-Pennington* to extend immunity to state actors engaging with private entities who are

23   themselves exercising petitioning rights."  *Id.* (citing cases).  While Lewis characterizes his

24   conduct as submitting a response to the County Clerk in the context of a recall campaign, the

25   complaint alleges that Lewis issued a public statement against her that accused her of circulating

26   false information and having a conviction for felony election fraud.  ECF No. 1 at 10.  Although

27   further factual development may demonstrate that Lewis' statement was petitioning conduct, or

28   incidental to the petitioning conduct, based purely on the allegations in the complaint it is not

6

clear that Lewis was engaged in petitioning conduct. On the current record, *Noerr-Pennington* does not immunize Lewis.

### C. Failure to State a Claim

#### 1. Count I – First Amendment Retaliation

Plaintiff alleges that her participation in a recall campaign against Lewis was an exercise of her rights under the First Amendment. ECF No. 1 at ¶ 16. Plaintiff alleges that Lewis' "defamatory statements and retaliatory actions" were taken in response to her protected activity in order to chill her exercise of free speech. *Id.* at ¶ 17. The alleged retaliatory action is that Lewis "issued a public statement accusing Plaintiff of circulating misleading and false information and alleging that Plaintiff had previously been convicted of felony election fraud." *Id.* at ¶ 10.

The elements of a First Amendment claim can vary depending on the context. In a case like this one that does not involve a prison or employment-related retaliation, a plaintiff must show: 1) she engaged in a constitutionally protected activity; 2) defendants' actions would chill a person of ordinary firmness from continuing to engage in protected conduct; and 3) the protected activity was a substantial or motivating factor in defendants' conduct. *See Sampson v. County of Los Angeles*, 974 F.3d 1012, 1019 (9th Cir. 2020). A plaintiff "must establish that defendants' retaliatory animus was the but-for cause of her injury, meaning that the adverse action against her would not have been taken absent retaliatory motive." *Id.* (internal citations and quotations omitted).

Plaintiff's allegations as to her protected activity are somewhat vague. She alleges that in "early 2023" she "began participating in a recall campaign." ECF No. 1 at ¶ 8. At other points in the complaint she states she "actively participated[.]" *Id.* at ¶ 6. Plaintiff never describes what this "participation" entailed. The Court will assume for the purposes of this analysis that Plaintiff could meet this element by including more detailed allegations, and that her efforts in the recall campaign constitute constitutionally protected activity.

As to the second element, the alleged conduct by Lewis would not chill a person of ordinary firmness from continuing to engage in protected conduct. "Because it would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an

unusually determined plaintiff persists in his protected activity, … the proper

inquiry asks whether an official's acts would chill or silence a person of ordinary firmness from

future First Amendment activities." *Mendocino Envtl. Ctr. v. Mendocino Cty*., 192 F.3d 1283,

1300 (9th Cir. 1999) (citation and quotation omitted).  Plaintiff alleges that an elected official

made a public statement concerning her in response to her political activity of participating in a

recall campaign against him.

"Retaliation claims involving government speech warrant a cautious approach by courts

because restricting the ability of government decisionmakers to engage in speech risks interfering

with their ability to effectively perform their duties and ignores the competing First Amendment

rights of the officials themselves." *Greisen v. Hanken*, 925 F.3d 1097, 1113 (9th Cir. 2019)

(internal citation and quotation omitted).  Thus, the Ninth Circuit has "on several occasions

rejected retaliation claims based exclusively on retaliatory speech, noting that 'it would be the

height of irony, indeed, if mere speech, in response to speech, could constitute a First Amendment

violation.'" *Id*. at 1113, *citing Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998).

The "marketplace of ideas is undermined if public officials are prevented from responding to

speech of citizens with speech of their own." *Mulligan v. Nichols*, 835 F.3d 983, 989 (9th Cir.

2016), *citing Bond v. Floyd*, 385 U.S. 116, 136 (1966) ("The interest of the public in hearing all

sides of a public issue is hardly advanced by extending more protection to citizen-critics than to

legislators.").

In *Greisen*, the Ninth Circuit recognized that sometimes retaliatory speech can serve as a

basis for liability, and described two such circumstances. 925 F.3d at 1113-15.  First, a

"retaliation claim may be based on retaliatory speech when that speech is part of a campaign of

harassment designed to burden the plaintiff's protected expression." *Id.* at 1113-14.  Second,

retaliatory speech may be the basis for a retaliatory claim when "it intimates that some form of

punishment or adverse regulatory action would follow." *Id.* at 1114.

Plaintiff alleges a single incident of retaliatory speech – that on November 27, 2023,

Lewis made a public statement claiming that she had circulated false and misleading information

and had been convicted of an election-related offense.  ECF No. 1 at ¶ 10.  Plaintiff alleges that

five months later, she demanded that Lewis retract the statement and issue an apology, but he refused. *Id.* at ¶ 12. Plaintiff has not alleged a campaign of harassment or that she was threatened with punishment or adverse regulatory action. Plaintiff alleges that Lewis' statement was defamatory, but that alone is insufficient. In *Gini v. Las Vegas Metropolitan Police Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994), the Ninth Circuit stated, in discussing a defamation claim, that "damage to reputation is not actionable under § 1983 unless it is accompanied by some more tangible interests" and that for any defamation or damage flowing from it, plaintiff "has a tort remedy under state law, not under the First Amendment." *Mulligan* reiterated this rule, stating: "We noted that an act of defamation by government officials was insufficient to create a right to a remedy under the First Amendment in the absence of state action affecting a plaintiff's rights, benefits, relationship or status with the state." 835 F.3d at 989 (cleaned up).

The "something more" that is required beyond mere defamation is described in cases such as *Allen v. Scribner*, 812 F.2d 426 (9th Cir. 1987) and *Greisen*. In *Allen*, the plaintiff was removed from his work project, reassigned, and endured multiple incidents of harassment. In *Greisen*, the court stated the "case falls squarely within *Allen*," and the "retaliation claim involves something more than defamation by a public official." 925 F.3d at 1114. The allegations against the defendant in *Greisen* "included not only defamatory communications with the press but also a suspension, an indefinite leave, a one-sided gag order and the instigation of three spurious investigations."[2] *Id.* Plaintiff's claim fails, given the absence of a campaign of harassment, threats of punishment or adverse regulatory action, or other state action affecting her rights.

Having determined that defamation alone does not give rise to a First Amendment retaliation claim, it is technically unnecessary to analyze whether Lewis plausibly defamed Plaintiff. However, even assuming for the sake of argument that defamation alone could be sufficient, Plaintiff's claim would still fail because the allegation that Lewis defamed Plaintiff does not appear plausible. The complaint states Lewis "issued a public statement accusing

---

[2] While the cited cases concern public employee speech, the "chilling" inquiry is similar to the one in this case: is the retaliation "reasonably likely to deter [the individual] from engaging in constitutionally protected speech." *Coszalter v. City of Salem*, 320 F.3d 968, 970 (9th Cir. 2003)

.1  Plaintiff of circulating misleading and false information and alleging that Plaintiff had previously

2  been convicted of felony election fraud." ECF No. 1 at ¶ 10. Defendant filed a copy of the

3  statement and asks that the Court take judicial notice. ECF No. 14-2. Plaintiff does not oppose

4  that judicial notice, and also filed the same statement, confirming it is in fact the statement at the

5  heart of this case. ECF No. 16 at 3, 7.[3] The statement does not mention Plaintiff by name, but

6  states, in reference to a recall effort against Lewis:

7   
8      One of them made mistakes and resigned. An election was held to fill that vacancy. The
       person behind this recall backed the candidate that lost. She's now trying to counter that
9      by recalling me. She doesn't reside in our voting jurisdiction. The information she is
       circulating is misleading and largely false. She's previously been convicted of felony
10     election fraud.

11  ECF No. 16 at 7; ECF No. 14-2 at 5. Plaintiff is allegedly the "person behind this recall."

12  Accordingly, the statements concerning her are that she: 1) did not reside in the jurisdiction; 2)

13  circulated misleading and "largely false" information; and 3) was previously convicted of "felony

14  election fraud."

15      The portion of the statement that Plaintiff appears to find most objectionable is that she

16  was convicted of election fraud. A publication that "[c]harges any person with crime, or with

17  having been indicted, convicted, or punished for crime," is considered defamatory per se under

18  California law. *Crowe v. County of San Diego*, 608 F.3d 406, 442 (9th Cir. 2010), citing Cal.

19  Civ. Code § 46(1). However, "truth is a complete defense" to civil liability for defamation per se.

20  *See Gravitt v. Brown*, 74 Fed.App'x 700, 705 (9th Cir. 2003), *citing Ellenberger v. Espinosa*, 30

21  Cal.App.4th 943, 952-53 (1994). "The defendant does not need to prove the literal truth of every

22  word in the challenged statement; the defense is complete so long as the imputation is

23

24  _____

25  [3] Plaintiff aks the Court to grant summary judgment on the basis of that statement. As explained
    below, summary judgment in Plaintiff's favor is entirely unwarranted. Regardless, under the
26  "incorporation by reference" doctrine, a court may consider documents referenced extensively in
    the complaint and accepted by all parties as authentic. *See Van Buskirk v. Cable News Network,*
27  *Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Under this doctrine, the Court "may look beyond the
    pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Id*. The
28  statement is fairly incorporated by reference and considered here.

substantially true so as to justify the gist or sting of the remark." *Tillkey v. Allstate Ins. Co.*, 56 Cal.App.5th 521, 550-51 (2000) (cleaned up).

Judicially noticeable documents show that Plaintiff has in fact been convicted of a felony offense that was related to electoral politics. Plaintiff's conduct underlying her conviction for Penal Code § 134, preparing false documentary evidence, is described here:

> At issue are declarations containing false information collected by defendant, Dolores Maria Lucero, to be used in court to support her request for injunctive relief to halt a petition drive to recall her from her position as a city council member for the City of Shasta Lake (Shasta Lake). Defendant also submitted the declarations to law enforcement, and an investigation against a person involved in the recall effort was initiated as a result. Defendant duped several people who had signed the recall petition into signing these declarations. A jury convicted defendant of violating section 134 for this conduct.

*People v. Lucero*, 41 Cal.App.5th 370, 379 (Cal. Ct. App. 2019). The "imputation" that Plaintiff had been convicted of "felony election fraud" was "substantially true." *Tillkey*, 56 Cal.App.5th at 550. Penal Code § 134 is a felony offense, Plaintiff's conviction thereunder involved conduct that would be fairly characterized as fraudulent, and Plaintiff's conduct occurred in the course of a recall effort. While a recall effort is not literally an election, it does involve electoral politics. In any event, the technical distinction between a recall effort and an election is immaterial to the defamatory nature of the statement—it is the words "felony" and "fraud" that would make it defamatory. Thus, even if defamation alone were sufficient to establish a retaliation claim, Plaintiff does not plausibly allege defamation.

Plaintiff fails to meet the second element of her claim for First Amendment retaliation – she has not alleged the "something more," beyond her assertion that the claim was defamatory. She has merely alleged speech in response to speech. Count I fails to state a claim.

### 2. Count III – Abuse of Power under § 1983

Plaintiff's Count III alleges that Lewis defamed and retaliated against her, and that such use of his official position was an "abuse of power." ECF No. 1 at ¶¶ 24-27. This Count is redundant. It repeats her allegations of retaliation and defamation and attempts to turn them into an additional constitutional tort. "[Section] 1983 'is not itself a source of substantive rights,' but

11

merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).  A plaintiff alleging a claim under § 1983 must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes.  *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).

Plaintiff cannot merely assert "abuse of power" as a claim under § 1983.  The only Constitutional right mentioned is the First Amendment, which is already the basis of her Count I.  To the extent that any violation of the U.S. Constitution by a public official is an abuse of power, Plaintiff fails to state a claim under Count III for the same reasons discussed above in Count I.

### 3.  Count II – Defamation

Having determined that Plaintiff fails to state a claim in her two counts under § 1983, the Court finds it is appropriate to decline supplemental jurisdiction over the state law claim for defamation.  The decision of whether to exercise supplemental jurisdiction over state law claims after the federal claims have been dismissed lies within the district court's discretion.  *See Foster v. Wilson*, 504 F.3d 1046, 1051-52 (9th Cir. 2007).  Generally, when federal claims are dismissed well before trial, pendent state law claims should be dismissed as well.  *See Campos v. Fresno Deputy Sheriff's Assoc.*, 535 F.Supp.3d 913, 930 (E.D. Cal. 2021), *citing Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992).  The Court recommends declining to exercise supplemental jurisdiction over Plaintiff's state law defamation claim.

### C.  Plaintiff's Motion for Sanctions (ECF No. 15)

Plaintiff's motion states that she seeks sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.  Plaintiff's motion is largely conclusory and provides no meaningful basis for sanctions.  Plaintiff offers two purported examples of defense counsel's alleged misconduct.  Plaintiff first argues that "Defendant has improperly introduced Plaintiff's 2012 conviction in an attempt to intimidate and discredit her, despite it having no relevance to current claims."  ECF No. 15 at 2.  This point is entirely meritless.  Plaintiff *herself* put at issue her conviction in the complaint, which accuses Lewis of falsely commenting on that conviction.  Defendant merely asked that the Court take judicial notice of the California Court of Appeal

.1   decision in *People v. Lucero*, 41 Cal.App.5th 370 (Cal. Ct. App. 2019), which affirmed her

2   conviction.  That request for judicial notice of a relevant court decision was proper.

3          Plaintiff then argues there is an improper conflict of interest because attorney Lozano

4   Smith "represents both the Shasta County Office of Education and multiple small school districts,

5   including Gateway Unified and Oak Run Elementary, while defending Phil Lewis."  ECF No. 15

6   at 2.  This argument is also meritless.  Lewis is not represented by Lozano Smith.  Lewis is

7   represented in this action by Kristen Caprino of Johnson Schachter & Lewis.

8          Defendant, in response to the motion, argues that pursuant to Rule 11(c)(2) the Court

9   should award Defendant attorney's fees as the prevailing party on this motion.  ECF No. 18 at 7-

10   8.  In consideration of Plaintiff's pro se status, the Court will decline the imposition of an award

11   of attorney's fees.  However, Plaintiff is cautioned that the filing of future frivolous motions may

12   result in the imposition of appropriate sanctions.  Plaintiff's motion for sanctions (ECF No. 15) is

13   DENIED.

14          **D.  Plaintiff's opposition and request for summary judgment (ECF No. 16)**

15          The Court has discussed Plaintiff's opposition in the above analysis discussing Lewis'

16   motion to dismiss.  To the extent the opposition brief requests summary judgment, it is

17   procedurally improper.  As argued by Lewis, to the extent the opposition brief is a motion, it is

18   not properly noticed as required by Local Rule 230(b) and it fails to include a statement of facts

19   as required by Local Rule 260(a).  Further, Plaintiff is not entitled to summary judgment as the

20   Court finds that Plaintiff fails to state a federal claim.  The Court recommends that this motion be

21   DENIED.

22          **IV.    Leave to Amend**

23          The Court has considered Plaintiff's pro se status and whether she should be granted leave

24   to amend.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not

25   dismiss a pro se complaint without leave to amend unless it is absolutely clear that the

26   deficiencies of the complaint could not be cured by amendment.").  The Court has also considered

27   Plaintiff's opposition and motion for summary judgment (ECF No. 16) in evaluating whether she

28   should be given leave to amend to plead something more than defamation in support of her First

Amendment claim.  The opposition, which Plaintiff also captions an affirmative motion for summary judgment, does not contain facts supporting the "something more" that would be required to make out a plausible retaliation claim.  Instead, Plaintiff repeats in substance the allegations in the complaint, that Lewis "falsely accused Plaintiff of felony election fraud, causing irreparable harm to her reputation and deterring further political participation."  ECF No. 16 at 2. This is a speech-in-response-to-speech case.  Granting Plaintiff leave to amend her First Amendment retaliation claim would be futile.  The Court recommends Plaintiff's claims against Lewis be dismissed without leave to amend.

## V.    CONCLUSION

**IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Sanctions (ECF No. 15) is DENIED.

**IT IS HEREBY RECOMMENDED that:**

**1.**   Defendant's Motion to Dismiss (ECF No. 14) be GRANTED, and that the federal claims be dismissed for failure to state a claim without leave to amend; and

**2.**   The Court decline supplemental jurisdiction over the state law defamation claim and dismiss it without prejudice;

**3.**   Plaintiff's opposition and cross-motion for summary judgment (ECF No. 16) be DENIED; and

**4.**   The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

////

////

////

////

14

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 11, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE