UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES LUCERO,<br><br>    Plaintiff,<br><br>v.<br><br>PHILIP LEWIS,<br><br>    Defendant. | No. 2:24-cv-03116-DC-SCR (PS)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 32) |

This matter is before the court on Plaintiff's motion for reconsideration of the court's September 17, 2025[1] order adopting the assigned magistrate judge's findings and recommendations. (Doc. Nos. 30, 32.)

In her pending motion, Plaintiff invokes Rules 59(e) of the Federal Rules of Civil Procedure, which applies after judgment has been entered and provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A timely filed motion for reconsideration under a local rule is a motion to alter or amend a judgment under [Rule] 59(e)." *Bestran Corp. v. Eagle Comtronics, Inc.*, 720 F.2d 1019, 1019 (9th Cir. 1983). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly

---

[1] The court's September 17, 2025 order was entered on the docket on September 18, 2025. (Doc. No. 30.)

1

1  unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah*

2  *Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration does

3  not, however, give the moving party a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231,

4  1236 (9th Cir. 2001) (citation omitted). In addition, Local Rule 230(j) requires, in relevant part,

5  that in moving for reconsideration of an order denying or granting a prior motion, a party must

6  show "what new or different facts or circumstances are claimed to exist which did not exist or

7  were not shown" previously, "what other grounds exist for the motion," and "why the facts or

8  circumstances were not shown" at the time the substance of the order which is objected to was

9  considered. L.R. 230(j).

10        Here, Plaintiff's motion for reconsideration was timely filed because judgment was

11  entered on September 18, 2025, (Doc. No. 31), and Plaintiff filed the pending motion for

12  reconsideration on October 1, 2025 (Doc. No. 32). However, Plaintiff does not identify any basis

13  that warrants reconsideration of the court's September 17, 2025 order. Plaintiff contends the court

14  committed manifest error, but the arguments Plaintiff advances in her motion were already raised

15  in her opposition to Defendant's motion to dismiss and in her objections to the findings and

16  recommendations, and the court considered and rejected those arguments. (*See* Doc. Nos. 27, 30.)

17  Thus, Plaintiff's motion for reconsideration will be denied.

18        Accordingly,

19        1.    Plaintiff's motion for reconsideration (Doc. No. 32) is DENIED; and

20        2.    This case shall remain closed.

21

22        IT IS SO ORDERED.

23  Dated:   **December 28, 2025**

                                                  Dena Coggins

24                                                    United States District Judge

2